Filed 2/1/16  In re L.S. CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re L.S. et al., Persons Coming Under the Juvenile Court Law. | |
| FRESNO COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>MARY H.,<br><br>        Defendant and Appellant. | F071452<br>(Fresno Super. Ct. Nos. 05CEJ300063-3, 05CEJ300063-6, 05CEJ300063-7, 05CEJ300063-8)<br><br>**OPINION** |

THE COURT*

APPEAL from orders of the Superior Court of Fresno County.  Brian M. Arax, Judge.

Mara L. Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel C. Cederborg, County Counsel, and David F. Rodriguez, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Kane, Acting P.J., Detjen, J., and Franson, J.

Appellant Mary H. (mother) appeals from a juvenile court order granting a petition for modification under Welfare and Institutions Code section 388[1] filed by the Fresno County Department of Social Services (department) asking the juvenile court to modify her visits with her four sons by changing them from unsupervised to supervised visits. She contends the juvenile court erred in granting the petition without conducting an evidentiary hearing. We conclude mother's appeal is moot in light of the juvenile court's subsequent visitation order, which mother did not contest. We dismiss the appeal.

## PROCEDURAL AND FACTUAL SUMMARY

Mother's four sons were taken into protective custody by the department in December 2013, after she was arrested for domestic violence with her live-in boyfriend, O.C. At the time, the boys ranged in age from five to 13 years. In March 2014, the juvenile court exercised its dependency jurisdiction over the boys and ordered reunification services for mother. The court ordered reasonable supervised visitation and granted the department discretion to increase mother's visits to unsupervised, liberal, and extended visits. The department placed the boys in foster care.

The juvenile court continued reunification services for mother up to the 18-month review hearing, which it scheduled for May 2015. During the reunification period, mother progressed to unsupervised visitation three times. Each time, the department subsequently filed a section 388 petition asking the juvenile court to reinstate supervised visitation. The first petition, filed in July 2014, was prompted by mother having unauthorized contact with her oldest son. The court granted the petition and mother resumed supervised visitation. In late July 2014, the department approved unsupervised visitation for mother and scheduled her first unsupervised visit for August 9, 2014. Following that visit, mother's oldest son told his foster mother that O.C. was living with

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

2

mother. On August 20, 2014, the department filed its second section 388 petition, which the juvenile court granted. By October 2014, mother had progressed once again to unsupervised visitation, and in January 2015, she was having liberal visits from Friday afternoon to Sunday morning. However, a number of issues surrounding visitation arose. These issues were set forth in detail in the department's third section 388 petition, which it filed on March 18, 2015.

One of the issues raised by the department concerned mother's use of food vouchers. The department gave her a $30 food voucher for every weekend visit. The foster family agency also gave her a $25 McDonalds card. However, mother began a pattern of accepting the vouchers and then cancelling visits. She also requested additional money, claiming she was not given enough to feed the children. However, she refused assistance with meal planning, and money management, and reportedly purchased a $200 pair of shoes for one of her sons.

Another issue concerned a report the department received on March 6, 2015, that mother's boyfriend inappropriately touched her daughters,[2] physically abused her in front of the children, and stole from her. According to the report, mother had gone to Catholic Charities to request food assistance, and added her adult daughter, and her two children in the request. Mother reportedly told the staff at the Catholic Charities that she walked in on her boyfriend having an erection and her two daughters with their skirts down. A police officer and emergency response social worker responded to mother's house. Mother denied having a boyfriend or making that statement. On March 13, 2015, mother contacted Care Line, and stated the children did not listen to her, and that she was ill, and could not continue caring for them. She said she needed to go to the hospital and was going to leave the children on the porch. A social worker and police officer went to her

---

[2] It is unclear as to whom the "daughters" refer. According to the record, mother has one adult daughter.

home and removed the children. The police officer said she was very familiar with mother's "antics" as she had responded to her home the week before.

On March 25, 2015, the juvenile court convened a hearing on the department's section 388 petition. Mother did not personally appear. She was represented by a substitute attorney who explained that mother was in a batterer's treatment class. The court excused mother's absence. Mother's attorney objected to the department's request to alter visitation and requested a contested hearing. The court set a settlement conference hearing for April 7, 2015 and a contested hearing on the petition for April 15, 2015. The court ordered mother to appear and asked her attorney to "make reasonable efforts [from her office] to give trial right advisements to the consequences of not appearing." Her attorney said she would and stated that mother's appointed counsel was in regular contact with her. The court deemed the trial advisements given. The court also issued an interim order resuming supervised visitation in light of the sexual abuse allegations.

On April 7, 2015, mother did not appear at the settlement conference hearing. Her attorney said she spoke with mother once since the matter was set for a contested hearing. She did not know where mother was, but had told mother it was important for her to attend her classes. Her attorney asked the court to confirm the matter for trial. County counsel and minors' counsel asked the court to rule on the petition.

The juvenile court granted the petition and reduced mother's visitation to reasonable supervised visitation. The court also granted the department discretion to advance mother's visitation to liberal and up to extended visitation with 10 days notice. The court vacated the April 15, 2015 hearing.

On August 3, 2015, while mother's appeal was pending in this court, the juvenile court terminated her reunification services at an 18-month review hearing, and ordered monthly supervised visitation. The juvenile court also set a section 366.26 hearing.

4

Mother did not challenge visitation by filing an extraordinary writ petition. (Cal. Rules of Court, rule 8.450-8.452.)

We invited the parties to file simultaneous letter briefs on whether the appeal is moot, since we cannot render any effectual relief in light of the subsequent visitation order which is now final and binding. Mother opposed dismissal of the appeal as moot, arguing the juvenile court's error in granting the department's section 388 petition infected the outcome of subsequent proceedings. Alternatively, she contends the juvenile court's error constituted an issue of continuing public importance that is capable of repetition yet evading review.

We conclude the appeal is moot.[3]

## DISCUSSION

Mother contends the juvenile court erred in ruling on the department's section 388 petition without conducting an evidentiary hearing, and that its ruling had prejudicial effect.

Section 388 provides in relevant part:

"(a)(1) Any parent or other person having an interest in a child who is a dependent child of the juvenile court ... may, upon grounds of change of circumstance or new evidence, petition the court ... for a hearing to change, modify, or set aside any order of court previously made .... The petition shall be verified and ... shall set forth in concise language any change of circumstance or new evidence that is alleged to require the change of order .... [¶] ... [¶] (d) If it appears that the best interests of the child … may be promoted by the proposed change of order ... the court shall order that a hearing be held ...."

Mother contends the juvenile court's failure to conduct a hearing violated her due process rights to notice, an opportunity to be heard, and an opportunity to cross-examine

---

[3]    We take judicial notice of the juvenile court's August 3, 2015, minute order terminating mother's reunification services, setting a section 366.26 hearing, and reducing visitation to one supervised visit a month. (Evid. Code, §§ 455, 459.)

5

the department's social worker and hearsay declarants. She further contends the court's error was prejudicial because it severely curtailed her visitation rights during the critical period between the 12- and 18-month review hearings and negatively impacted her ability to reunify with her children. She seeks reversal of the juvenile court's order granting the department's section 388 petition, with directions for the juvenile court to reinstate unsupervised visitation, or to conduct a contested hearing on the department's petition.

Subsequent to the juvenile court's order appealed from, the juvenile court terminated mother's reunification services and set a section 366.26 hearing. At that same hearing, the juvenile court ordered supervised visitation which mother did not challenge.

It is the function of an appellate court to decide actual controversies by a judgment which can be carried into effect. When no effective relief can be granted, an appeal is moot and will be dismissed. (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.) We conclude that mother's acquiescence to the juvenile court's orders terminating her reunification services and further limiting her visitation rights, which are now final, has rendered this appeal moot. (*See In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1316.) Mother could have preserved her appeal in this case by filing an extraordinary writ petition. (*Id.* at p. 1317.) However, she did not.

We reject mother's argument that the purported error in the juvenile court's section 388 ruling infected the outcome of the subsequent proceedings such that her appeal is not moot. (*In re Dylan T.* (1998) 65 Cal.App.4th 765, 769.) In arguing that she could not reunify with her sons absent unsupervised visitation, mother overlooks two important points. One, visitation was not the only reunification service that she received. Secondly, the juvenile court granted the department discretion to increase her visitation to unsupervised visits. Thus, rather than having an erosive effect on mother's relationship with her sons, it allowed for advancement to unsupervised visitation at the department's

6

discretion. If mother was unable to accomplish that, as apparently occurred,[4] it was not because of the court's order but because of her lack of progress and ability to safely parent her sons. Indeed, she had quickly progressed to unsupervised visits three times before.

We also reject mother's contention that the appeal should not be dismissed even if moot, because it presents a question of "continuing public importance" that is "capable of repetition, yet evading review." (*In re Yvonne W.* (2008) 165 Cal.App.4th 1394, 1404.) We are not persuaded to exercise this discretion here, because the issue raised is fact specific to this case, and does not pose a legal question of broad public interest likely to recur.

Finally, were we to exercise our discretion and review mother's appellate claim on its merits (*In re William M.* (1970) 3 Cal.3d 16, 23-24), we would conclude that mother was not prejudiced by the juvenile court's ruling. The department presented more than sufficient evidence on the face of its petition, that the children's physical safety was at risk if they were left with mother unsupervised, and that it was in their best interest to return to supervised visitation. Further, the evidence mother wanted to challenge at a hearing related to whether she reported sexual abuse of her adult daughters, whether she had a boyfriend, and whether she was complying with her court-ordered services. Even if she had successfully rebutted that evidence, there was still sufficient evidence to support the juvenile court's ruling. Specifically, we refer to mother's statement she could no longer care for the children, and her threat to leave them on the porch while she went to the hospital. Thus, we would have found no error and affirm the juvenile court's ruling.

---

**4** Appellate counsel states at page six of "Appellant's Opposition to Dismissal of the Appeal as Moot," "Unfortunately, events in the trial court played out exactly as mother predicted in her AOB. She had no opportunity to work her way back up to unsupervised or overnight visits with her children in the short time between the court's order curtailing her visits, and the 18-month hearing."

## DISPOSITION

This appeal is dismissed.